L. BARON, TRUSTEE, *v.* FRANCIS TOON YUEN, DEFENDANT, Y. K. YUEN, GARNISHEE.

No. 2109.

SUBMITTED JULY 26, 1933.      DECIDED SEPTEMBER 18, 1933.

PERRY, C. J., BANKS, J., AND CIRCUIT JUDGE CASE IN PLACE OF PARSONS, J., UNABLE TO ATTEND ON ACCOUNT OF ILLNESS.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of assumpsit in which the plaintiff claims the sum of $1328.46 as a balance due by the defendant upon a contract entered into by him for the purchase of certain land. The case was tried without a jury and the presiding judge rendered judgment for the plaintiff for the amount claimed. The defendant comes to this court upon a bill of exceptions. In this court the case was submitted upon briefs, without oral argument. In the appellant's brief two contentions only are presented.

The first of these is that the plaintiff, under the terms of the contract, is not entitled to bring this action.

The contract was one whereby the plaintiff agreed to sell and the defendant agreed to buy a certain described piece of land. It provided for payment by the defendant in certain stated installments and further provided that upon default on the part of the purchaser the seller would be authorized to declare the contract forfeited and annulled and retake possession of the land. Continuing, it provided as an alternative as follows: "Or, at the option" of the seller "all further payments due under this agreement shall immediately become due and payable without notice or demand," and the seller "may sell the said premises * * * at public auction" upon compliance with certain requirements as to notice and "may apply the proceeds towards the payment of the entire amount due * * * accounting to" the purchaser "for any surplus then remaining," the purchaser "to remain liable for deficiency not satisfied by the proceeds of such sale." The argument advanced by the purchaser-appellant is that the plaintiff was confined by his contract to a choice between these two remedies, to-wit, that of considering the contract forfeited and retaking the land and that of selling the land at auction and applying the proceeds in the manner specified.

That this contention cannot be sustained is evident from the very terms of the contract. Immediately following the provision relating to a sale at auction the parties have said in their contract: "All of which shall be without prejudice to the right of the party of the first part to pursue any remedy at law to recover any deficiency there may be" and have further "mutually agreed that no remedy hereinabove reserved" (referring to the two remedies of cancellation of the contract and of sale) "shall operate to deprive the party of the first part of any

remedy afforded by law or equity to compel the payment of the moneys hereinabove contracted to be paid or to compel the enforcement of the terms, covenants and conditions hereof." The parties have made their own contract. The language of their written agreement is entirely unambiguous. They agreed that, while the seller should be at liberty, upon any default on the part of the purchaser, to declare the contract cancelled or in the alternative to sell the land at auction, nevertheless these powers should not operate to deprive the seller of any remedy afforded by courts of law as well as courts of equity to compel the payment of any moneys contracted to be paid by the purchaser. One of the well known remedies for such a case is an action of assumpsit to recover the unpaid portion of the purchase price. In other words, the bringing of the present action was specifically contemplated and authorized by the parties in their contract.

The other contention is that the judgment should be set aside because the plaintiff has not tendered to the defendant a deed of the property. In this instance also the terms of the contract must prevail. What the parties said in their written memorandum was: "It is understood and agreed that *upon full payment* of said purchase price and any and all sums that may become due under and pursuant to this agreement" the seller "shall execute and deliver" to the purchaser "a good and sufficient deed conveying said premises." The duty to execute and deliver the deed did not arise until full payment of the purchase price. It is undisputed that the purchase price has not been fully paid. By his attitude in this very action the defendant is still resisting payment of a part of the agreed purchase price. In his declaration the plaintiff alleges that he "stands ready to observe and perform all such other obligations or duties imposed upon him in said agreement, including conveying to the said defendant by

a good and sufficient deed the premises described in said agreement upon receipt of the sum due him on account thereof," and at the trial the plaintiff proved the truth of this allegation. This was sufficient. The plaintiff did not undertake to execute or to deliver a deed prior to full payment by the defendant. On the contrary both parties stipulated that this need be done only after full payment. The plaintiff stands ready to execute and deliver a deed whenever the balance due under the contract is paid. The defendant while in default is not entitled to demand a conveyance.

There are many authorities to the contrary,—authorities taking the view that even under stipulations essentially like those in the case at bar the covenant to pay the purchase price and the covenant to deliver a deed are dependent on each other and the deed must be tendered before the seller can recover the balance of the purchase price. The Supreme Court of the United States, however, has held, and its reasoning appeals to us as sound, that in such a case it is sufficient for the plaintiff to show that he is ready and willing to execute and deliver a deed. In *Loud* v. *Pomona Land & Water Co.*, 153 U. S. 564, 576, in which the seller's covenant was that "after the making of the payments and full performance of the covenants hereinafter expressed to be made and performed" by the purchaser, the seller will "in consideration thereof, convey by deed" the land in question, the court said: "The question whether covenants are dependent or independent must be determined in each case upon the proper construction to be placed on the language employed by the parties to express their agreement. If the language is clear and unambiguous it must be taken according to its plain meaning as expressive of the intention of the parties, and under settled principles of judicial decision should not be controlled by the supposed inconvenience

or hardship that may follow such construction. If parties think proper, they may agree that the right of one to maintain an action against another shall be conditional or dependent upon the plaintiff's performance of covenants entered into on his part. On the other hand, they may agree that the performance by one shall be a condition precedent to the performance by the other. The question in each case is, which intent is disclosed by the language employed in the contract? In this case there is no ambiguity in the language of the contracts. The covenant and agreement of the land company is that *'after* the making of the payment and full performance of the covenants hereinafter to be made and performed by the party of the second part (Loud), the party of the first part (the land company), will, in consideration thereof, convey by deed of grant, bargain, and sale to the party of the second part, his heirs or assigns,' the described lands, together with the designated shares in the irrigation companies. * * * If these terms and provisions of the contracts are to be understood in their plain and obvious meaning, they clearly express the intention of the parties to be that the purchaser shall first pay the purchase price of the lands contracted for before he is entitled to demand a conveyance therefor. It is also clear that the purchaser (the defendant below) could not have legally demanded from the land company a deed or conveyance for the lands until after the purchase money had been fully paid. The payment or tender of payment of the purchase price for the land was a condition precedent to the right to the conveyance. The authorities, both in England and in this country, fully sustain this construction of the contract."

Of *Bank of Columbia* v. *Hagner,* 1 Pet. 455, relied upon by the appellant in the case at bar, the Supreme Court of the United States itself has said, in the *Loud*

case, p. 579, that it is "not in conflict with the foregoing decisions" (referred to in the *Loud* case) "and the propositions they announce. The stipulations of the contract in the former case" (*Columbia* v. *Hagner*) "were not similar to those in the case under consideration."

The exceptions are overruled.

*E. J. Botts* for plaintiff.

*P. A. Lee* for defendant.